UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

MARLO D. BROWN and
TA'NITA M. HIPSHER, Plaintiffs,

v. Civil Action No. 3:19-cv-906-DJH

LOUISVILLE-JEFFERSON COUNTY
METRO GOVERNMENT et al., Defendants.

\* \* \* \* \*

## MEMORANDUM OPINION AND ORDER

On December 19, 2018, Officers Roederer and Dickey of the Louisville Metro Police Department pulled over Plaintiff Marlo Brown after Brown allegedly changed lanes without signaling. Brown's minor children were present. After obtaining Brown's consent, the officers searched the vehicle with the children seated inside. The search yielded no contraband, and the officers did not detain Brown further. Brown and Ta'Nita Hipsher, as guardian of Brown's minor children, later sued the officers, the Louisville-Jefferson County Metro Government, and then-LMPD Chief Steve Conrad for violations of their constitutional rights under 42 U.S.C. § 1983. (Docket No. 1) Defendants move the Court to dismiss the claims against Conrad pursuant to Federal Rule of Civil Procedure 12(b)(6). (D.N. 4) For the reasons that follow, the Court will grant Defendants' motion.

**I.**

The Court "takes the facts from the complaint, accepting them as true as [it] must do in reviewing a 12(b)(6) motion." *Siefert v. Hamilton Cty.*, 951 F.3d 753, 757 (6th Cir. 2020). LMPD Officers Stephen Roederer and Jessica Dickey pulled Brown over on December 19, 2018. (D.N. 1, PageID # 5) The officers told Brown that they stopped him because he had failed to signal

1

before changing lanes, but then informed Brown that the infraction was "not a big deal." (*Id.*) Two of Brown's children were present and seated in the vehicle. (*Id.*) Upon the officers' request, Brown produced his license and registration. (*Id.*) Brown overheard the officers discussing the possibility that Brown was so far from his residence because he was "driving around buying dope." (*Id.*) The officers joked about the stop and proceeded to pat Brown down in a search for contraband. (*Id.*, PageID # 6) That search proved fruitless, and the officers asked Brown for permission to search his vehicle. (*Id.*, PageID # 6–8) Although Brown initially hesitated, the officers mentioned Brown's criminal history and he eventually consented to the search. (*Id.*) While the officers searched the vehicle, Brown's children remained in the car. (*Id.*, PageID # 8–9) The officers reassured the children that they had "nothing to worry about." (*Id.*, PageID # 8) The search did not reveal anything illicit, and the officers allowed Brown to leave without issuing him a citation. (*Id.*, PageID # 9)

Brown and Ta'Nita Hipsher, as guardian of Brown's minor children, filed a complaint against Roederer and Dickey, then-LMPD Chief Steve Conrad, and the Louisville-Jefferson County Metro Government on December 10, 2019. (D.N. 1) Plaintiffs allege that Conrad violated their constitutional rights under the Fourth and Fourteenth Amendments, and they seek damages pursuant to 42 U.S.C. § 1983. (*Id.*, PageID # 15) The complaint names Conrad in both his individual and official capacities, claiming that Conrad ratified the illegal conduct of his officers and participated in a "custom of tolerance or acquiescence in illegal behavior." (*Id.*, PageID # 6) Plaintiffs also allege that Conrad is responsible for LMPD's "People, Places and Narcotics" strategy, which Plaintiffs claim is unconstitutional. (*Id.*, PageID # 16–19) Defendants move the Court to dismiss the claims against Conrad. (D.N. 4) Plaintiffs have not filed a response to Defendants' motion.

## II.

The Court will consider Defendants' arguments to the individual- and official-capacity claims separately.

### A. Individual-Capacity Claims

Plaintiffs claim that Conrad is liable in his individual capacity as a supervisor of the officers who conducted the stop. (D.N. 1, PageID # 6) The Sixth Circuit has "long held that supervisory liability requires some 'active unconstitutional behavior' on the part of the supervisor," and that "a mere failure to act will not suffice to establish supervisory liability." *Peatross v. City of Memphis*, 818 F.3d 233, 241 (6th Cir. 2016) (quoting *Bass v. Robinson*, 167 F.3d 1041, 1048 (6th Cir. 1999)). Active involvement means that the supervisor "encouraged the specific incident of misconduct or in some other way directly participated in it." *Colvin v. Caruso*, 605 F.3d 282, 292 (6th Cir. 2010) (quoting *Cardinal v. Metrish*, 564 F.3d 794, 802–03 (6th Cir. 2009)). At a minimum, a plaintiff must allege that the supervisor "implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers." *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). Knowledge of the unconstitutional conduct and a subsequent failure to act does not, however, constitute acquiescence in the conduct. *Id.* Moreover, "[a]s part of this inquiry, this [C]ourt also considers whether there is a causal connection between the defendant's wrongful conduct and the violation alleged." *Peatross*, 818 F.3d at 242.

Here, Plaintiffs assert no facts indicating that Conrad directly participated in the alleged constitutional violations. Plaintiffs merely claim that Conrad is an official with "final decision-making authority" who "ratified illegal actions" and that a "custom of tolerance or acquiescence of federal rights violations" exists at LMPD. (D.N. 1, PageID # 16) The illegal actions Plaintiffs reference are, presumably, the conduct of the officers involved in the traffic stop that occurred on

December 19, 2018.  The complaint does not contain any further detail alleging how Conrad ratified these actions, nor does it mention any "causal connection" between Conrad's supposed "wrongful conduct" and the alleged violation of Brown's constitutional rights.  *Peatross*, 818 F.3d at 242.  Plaintiffs do not allege that Dickey and Roederer's actions were "appealed to and affirmed by an [LMPD] official."  *See Arendale v. City of Memphis*, 519 F.3d 587, 602 (6th Cir. 2008); *see also Kirilova v. Braun*, No. 3:17-CV-481-DJH-DW, 2018 WL 3371119, at *3 (W.D. Ky. July 10, 2018).

     Nor do Plaintiffs convey the nature of the "custom of tolerance or acquiescence" that they allege Conrad is responsible for upholding.  (D.N. 1, PageID # 16)  The complaint mentions a sole piece of Conrad's conduct: his upholding of the "People, Places and Narcotics" strategy.  (D.N. 1, PageID # 16–19)  The complaint is also devoid of any factual assertion that Conrad has ignored specific complaints of civil-rights violations.  *See Arendale*, 519 F.3d at 601.  At most, Plaintiffs allege that Conrad knew or should have known of the alleged illegality of the officers' conduct and failed to act—which does not amount to acquiescence and cannot lead to civil liability.  *Shehee*, 199 F.3d at 300.  Similarly, Plaintiffs' claim that Conrad is liable for a "custom of tolerance or acquiescence of federal rights violations" is a legal conclusion posing as a factual assertion, which does not suffice.  *See Terry v. Tyson Farms, Inc.*, 604 F.3d 272, 275–76 (6th Cir. 2010); *see also Burgess v. Fischer*, 735 F.3d 462, 478 (6th Cir. 2013).

     Defendants also assert that Conrad is entitled to qualified immunity as to the claims against him in his individual capacity.  And although the "general preference" in the Sixth Circuit is to "save qualified immunity for summary judgment," the Court may appropriately decide a subset of cases at the motion-to-dismiss stage.  *Siefert*, 951 F.3d at 762.  "If, taking all the facts as true and reading all inferences in the plaintiff's favor, the plaintiff has not plausibly showed a violation of

his clearly established rights, then the officer-defendant is entitled to immunity from suit." *Id*. (citing *Pearson*, 555 U.S. at 232). As stated above, the Court has found that the complaint fails to adequately allege a constitutional violation. *Siefert*, 951 F.3d at 762. Conrad is therefore entitled to qualified immunity as to the individual-capacity claims, and those claims will be dismissed.

**B.      Official-Capacity Claims**

According to Plaintiffs, Conrad is also liable in his official capacity.[1] Plaintiffs claim that Conrad violated their constitutional rights in his official capacity by ratifying the illegal conduct of his officers or by upholding "the existence of a custom of tolerance or acquiescence of federal rights violations." (D.N. 1, PageID # 16) In the § 1983 context, "[a] suit against an individual 'in his official capacity' has been held to be a suit directly against the local government unit and may result in the municipality's liability." *Taylor v. Franklin Cty.*, 104 F. App'x 531, 541 (6th Cir. 2004) (quoting *Leach v. Shelby Cty. Sheriff*, 891 F.2d 1241, 1244 (6th Cir. 1989)). Thus, suing Conrad "in his official capacity is the equivalent of suing his employer," Louisville Metro. *See Albin v. Louisville Metro Gov't*, No. 3:19-CV-576-DJH, 2020 WL 1310495, at *2 (W.D. Ky. Mar. 19, 2020) (citing *Lambert v. Hartman*, 517 F.3d 433, 439–40 (6th Cir. 2008)).

Plaintiffs did not respond to Defendants' motion to dismiss. And arguments not rebutted at the motion-to-dismiss stage are considered both waived and immune to challenge on appeal. *See Humphrey v. U.S. Attorney General's Office*, 279 F. App'x 328, 331 (6th Cir. 2008) (holding that where a "plaintiff has not raised arguments in the district court by virtue of his failure to oppose defendants' motion to dismiss, the arguments have been waived."). Further, Plaintiffs have brought identical claims against Louisville Metro, rendering Plaintiffs' official-capacity

---

[1] At the time Plaintiffs filed their complaint in this case, Steve Conrad was the chief of LMPD. That office is now held by interim chief Robert Schroeder, who was automatically substituted as a party pursuant to Federal Rule of Civil Procedure 25(d).

5

claims against Conrad duplicative. (D.N. 4-1, PageID # 46–47) Thus, because official-capacity claims against "individual . . . police officers are 'redundant' and 'superfluous'" when the governmental entity is also named, Plaintiff's official-capacity claims against Conrad will be dismissed. *Epperson v. City of Humboldt*, 140 F. Supp. 3d 676, 683 (W.D. Tenn. 2015) (dismissing official-capacity claims brought against police chief in § 1983 action as duplicative) (citing *Foster v. Michigan*, 573 F. App'x 377, 390 (6th Cir. 2014)); *see also Faith Baptist Church v. Waterford Twp.*, 522 F. App'x 322, 327 (6th Cir. 2013) (dismissing official-capacity claims against individual agent of entity when entity was also a named defendant in § 1983 suit).

### III.

Taking all facts in the complaint as true, but without the benefit of argument from Plaintiffs, the Court finds that Conrad is entitled to qualified immunity as to the individual-capacity claims. Further, the official-capacity claims against Conrad are duplicative, and Plaintiffs waived any argument to the contrary by failing to respond to the motion to dismiss. Accordingly, and the Court being otherwise sufficiently advised, it is hereby

**ORDERED** as follows:

(1) Defendants' Motion to Dismiss (D.N. 4) is **GRANTED**.

(2) The Clerk of Court is **DIRECTED** to terminate Steve Conrad as a defendant in this matter.

(3) Pursuant to 28 U.S.C. § 636(b)(1)(A), this matter is **REFERRED** to Magistrate Judge Regina S. Edwards for resolution of all litigation planning issues, entry of scheduling orders, consideration of amendments thereto, and resolution of all nondispositive matters, including discovery issues. Judge Edwards is further authorized to conduct one or more settlement conferences in this matter.